IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**PRESTON A. GREEN,**

Plaintiff,

v.                                                                            Civil Action No. **3:09CV154**

**A. VENABLE,** *et al.,*

Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate, brings this civil action regarding events that occurred while he was incarcerated at the Richmond City Jail. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing*

2

*Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Analysis

In October of 2008, Plaintiff found two sets of handcuff keys, and turned them in to a deputy. Defendant Venable, Plaintiff's supervisor, told Plaintiff not to tell anyone else that the handcuff keys had been lost. Plaintiff, wishing to "see if [he] could be compensated for preventing a security breach by not allowing the handcuff keys to fall in the wrong hands, that could [possibly] lead to an escape," did not comply with Defendant Venable's command. (Am. Compl. 5.) Defendant Venable retaliated by making Plaintiff perform more strenuous work, in spite of Plaintiff's age (55 years) and diagnosed hernia, of which Defendant Venable was aware. Plaintiff's poor relationship with Defendant Venable continued, and eventually Defendant Venable removed Plaintiff from his kitchen work assignment, without affording Plaintiff a disciplinary hearing as guaranteed by the Richmond City Jail disciplinary policy.

Plaintiff makes the following claims:

| | |
|---|---|
| Claim 1 | Defendant Venable violated Plaintiff's rights under the Eighth Amendment[1] by requiring him to perform work too strenuous for Plaintiff's age and health level. |

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

3

| | |
|---|---|
| Claim 2 | Defendant Venable confiscated Plaintiff's personal property in violation of Plaintiff's rights under the:<br>(a) Fourth Amendment[2] and<br>(b) Fourteenth Amendment.[3] |
| Claim 3 | Defendant Venable removed Plaintiff from his work assignment without a hearing, violating Plaintiff's rights under the:<br>(a) Sixth Amendment,[4]<br>(b) Eighth Amendment, and<br>(c) Fourteenth Amendment. |

Plaintiff seeks $6,000 in damages, along with court costs and the return of his personal property.

Plaintiff also names Sheriff Woody as a defendant. Plaintiff does not, however, mention Sheriff Woody in the body of the complaint. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). The indulgence shown to *pro se* litigants does not relieve them of the obligation to provide each defendant with fair notice of the facts upon which his or her liability rests. *Bell Atl. Corp.*, 550 U.S. at 555. Thus, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction

---

[2] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

[4] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

4

to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*citing Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). To the extent that Plaintiff suggests that Defendant Woody is respondent under the doctrine of *respondeat superior*, that doctrine is not applicable to § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Accordingly, it is RECOMMENDED that the action be DISMISSED as to Defendant Woody.

### Eighth Amendment Violations

In order to state an Eighth Amendment claim, an inmate must allege that he was subjected to an unnecessary and wanton infliction of pain, *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (*citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A two-part test is used to determine whether the deprivation complained of presents a constitutional violation. The prisoner must show, "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (internal citation omitted) (*citing Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 303). "[T]he first showing requires the court to determine whether the deprivation of the basic human need was *objectively* 'sufficiently serious', and the second requires it to determine whether *subjectively* 'the officials act[ed] with a sufficiently culpable state of mind.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (alteration in original) (*quoting Wilson*, 501 U.S. at 298).

> [E]xtreme deprivations are required to make out a conditions-of-confinement claim . . . . Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society,

> only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.

*Id.* at 1380 n.3 (internal quotation marks omitted) (alterations in original) (*quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see also White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (concluding that Eighth Amendment claim should be dismissed if it fails to suggest inmate suffered a serious physical or mental injury from the condition). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381).[5]

Plaintiff alleges that, in spite of his age and diagnosed hernia, Defendant Venable required him to move cases of canned food weighing up to 100 pounds per case. Plaintiff explains that this "took a toll on my health," but provides no further details. (Am. Compl. 5.) Although strenuous activity *could* seriously aggravate a hernia, Plaintiff has not described his alleged injury in any detail at all. The Court cannot determine whether Plaintiff suffered a serious or significant injury unless and until he files an amended claim that includes a more detailed description of the negative affect on his health. It is therefore RECOMMENDED that Claim 1 be DISMISSED.

In Claim 3(b), Plaintiff claims that Defendant Venable violated his rights under the Eighth Amendment by changing his job assignment away from the kitchen. Plaintiff does not

---

[5] Prison conditions that pose "a substantial risk of such serious harm" may also violate the Eighth Amendment. *De'Lonta*, 330 F.3d at 634 (*citing Helling*, 509 U.S. at 33-35 (1993)). Plaintiff does not, however, seek the injunctive relief that would remedy this type of violation. Moreover, Plaintiff is no longer incarcerated at Richmond City Jail, and he does not complain about the conditions at his current place of confinement.

specify to what job he was reassigned, or allege that the job resulted in any injury or increased risk of harm. Plaintiff therefore fails to show that his new work assignment violated his constitutional rights. To the extent that Plaintiff's claim rests on the loss of his preferred work assignment, he fails to establish more than a routine discomfort that is unavoidable in the prison context. It is therefore RECOMMENDED that Claim 3(b) be DISMISSED.

## Fourth Amendment Violation

In Claim 2(a), Petitioner claims, without elaboration, that Defendant Venable violated his Fourth Amendment rights by subjecting him to "the unreasonable and unjustifiable confiscation of my personal property without probable cause to take it." (Am. Compl. 5.) The Fourth Amendment guarantees against the intrusion of privacy interests, not of property interests. *See, e.g., United States v. James Daniel Good Real Property*, 510 U.S. 43, 77-78 (1993) (explaining that Fourth Amendment guards against intrusion into privacy interests, while due process applies to deprivations of property interests). Because Plaintiff alleges an unreasonable taking and not an unreasonable search, his claim is properly analyzed under the Fourteenth Amendment. Accordingly, it is RECOMMENDED that Claim 2(a) be DISMISSED.

## Fourteenth Amendment Violations

Plaintiff's complaint that he was denied due process in conjunction with the seizure and loss of his personal property fails to state a viable due process claim. Green has not stated a viable due process claim because the Virginia Tort Claims Act, Va. Code § 8.01-195.1 (Michie 2000), provides an adequate post-deprivation remedy for the unlawful conversion of personal property. *See Phelps v. Anderson*, 700 F.2d 147, 148-49 (4th Cir. 1983). Accordingly, it is recommended that Claim 2(b) be DISMISSED.

7

Plaintiff also claims that he was denied due process in conjunction with his work reassignment. Plaintiff must make a threshold showing that the deprivation thereby imposed amounts to an "atypical and significant hardship" or that it "inevitably affect[s] the duration of his sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995); *see Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005); *McGuinness v. Dubois*, 75 F.3d 794, 798 n.3 (1st Cir. 1996); *Orellana v. Kyle*, 65 F.3d 29, 32-33 (5th Cir. 1995). If the nature of the restraint Plaintiff challenges meets either prong of this threshold, he must next show that the statutory language "grants its inmates . . . a protected liberty interest in remaining free from that restraint." *Abed v. Armstrong*, 209 F.3d 63, 66 (2d Cir. 2000); *see Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 10-11 (1979); *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996); *Smith v. Johnson*, No. 7:08cv00514, 2008 WL 4960436, at *3 n.2 (W.D.Va. Nov.19, 2008); *see also Puranda v. Johnson*, No. 3:08cv00687, 2009 WL 3175629, at *3-4 (E.D. Va. Sept. 30, 2009) (citing cases).

Here, Plaintiff has not alleged facts from which the Court can conclude that his reassignment was atypical and significant in relation to ordinary prison life. *See Crum v. Bureau of Prisons*, No. 5:08cv00090, 2009 WL 1470472, *7 (S.D. W. Va. May 22, 2009) (collecting cases for the proposition that "an inmate has no federal right to a job assignment"). Accordingly, it is RECOMMENDED that Claim 3(c) be DISMISSED.

### Sixth Amendment Violation

The Sixth Amendment applies to "criminal prosecutions." U.S. Const. amend. VI. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see also Brown v. Braxton*, 373 F.3d 501, 504-05 (4th Cir. 2004) (explaining that the

rights to counsel and confrontation at prison disciplinary hearings arise from the Due Process Clause) (*citing Wolff*, 418 U.S. at 563; *Baxter v. Palmigliano*, 425 U.S. 308, 315-22 (1976)). To the extent that Petitioner claims that his rights were violated because his work assignment was changed without any hearing at all, his claim is governed by the Due Process Clause and fails as discussed above. It is therefore RECOMMENDED that Claim 3(a) be DISMISSED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state which civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

                                                /s/
                              M. Hannah Lauck
                              United States Magistrate Judge

Date: **FEB 2 2 2010**
Richmond, Virginia